

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ANGELIQUE BARNETT, Propria Persona,

Plaintiff,

Civil Action No:
2:25-cv-00177

v.

DEFENDANTS:

1. STATE OF WEST VIRGINIA, a State entity;

2. JACKSON COUNTY SHERIFF DEPARTMENT, including its officers and agents;

3. PROSECUTOR KYLE MOORE/DAVID KYLE MOORE, ASSISTANT PROSECUTOR DAVID WAYNE HANCOCK jr/WAYNE HANCOCK, COURT CLERK BRUCE DEWEES, RETAINED ATTORNEY GEORGE J. COSENZA, JUDGE LORA ANN DYER, JUDGE R. CRAIG TATTERSON/RICHARD CRAIG TATTERSON, RETAINED ATTORNEY ANDREW COURTENAY CRAIG, RETAINED ATTORNEY MICHAEL CAREY, PUBLIC DEFENDER JOHN J. BALENOVICH, DEPUTY JONATHAN BRIAN THOMPSON in his/her official capacity; and

4. JACKSON COUNTY COURT ARRESTING BALIFFS, SOUTH CENTRAL REGIONAL JAIL, JUDICIAL OFFICERS, WARDEN, ADMINISTRATOR, MEDICAL STAFF e.g., West Virginia Department of Corrections or Judicial Officers, collectively referred to as "Defendants."

Case No.: _____

**JURY TRIAL DEMANDED**

**CIVIL COMPLAINT**

I. INTRODUCTION

1. Plaintiff, ANGELIQUE, BARNETT "Plaintiff", brings this action against Defendants for violations of her constitutional rights, negligence, and wrongful infliction of emotional distress. Plaintiff seeks redress for the severe emotional, psychological, and financial harm she has suffered as a direct result of witnessing the wrongful treatment and constitutional deprivations inflicted upon her fiancée, BELL, JAYLEN DALAINO, and the adverse conduct of state actors.

2. Plaintiff asserts that Defendants, through their actions and omissions—including but not limited to improper or inadequate oversight, misconduct, and failure to ensure due process—have conspired and negligently contributed to a pattern of constitutional violations. These violations have inflicted significant emotional distress and have burdened Plaintiff with undue hardship in her role as a concerned partner and legal representative for her fiancée.

## II. JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983, because Plaintiff's claims arise under the United States Constitution and federal law.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred within the Southern District of West Virginia, and Defendants' actions and omissions were carried out in West Virginia.

## III. PARTIES

5. Plaintiff:

- ANGELIQUE, BARNETT is a resident of MONOGALIA, WEST VIRGINIA, and appears in propria persona (pro se). She has suffered significant harm as a result of witnessing fiancée's wrongful treatment and the resulting legal and personal consequences.

6. Defendant 1 – State of West Virginia:

- A state entity responsible for administering state laws and the operation of the criminal justice system. Defendant 1 is charged with ensuring constitutional due process for all its citizens.

7. Defendant 2 – County/Local Law Enforcement Agency: JACKSON COUNTY SHERIFF DEPARTMENT/JACKSON COUNTY COURTHOUSE/JACKSON COUNTY COMMISION

- A governmental agency and its officers tasked with enforcing the law within West Virginia. Their actions (or inactions) contributed to the deprivation of Plaintiff's and fiancée's constitutional rights.

8. Defendant 3 – District Attorney/Prosecutor, if applicable: DAVID KYLE MOORE/KYLE MOORE, DAVID WAYNE HANCOCK jr/WAYNE HANCOCK, BRUCE DEWEES

• The official responsible for prosecuting criminal cases in West Virginia. Plaintiff alleges that Defendant 3's actions, in concert with other state actors, furthered the wrongful treatment suffered by her fiancée and herself.

9. Defendant 4 – Other Relevant Defendants: JUDGE R. CRAIG TATTERSON/RICHARD CRAIG TATTERSON, JUDGE LORA ANN DYER, GEORGE J. COSENZA, MICHAEL CAREY, ANDREW COURTENAY CRAIG, JOHN J. BALENOVICH

• Any additional parties whose conduct, whether through omission or commission, has contributed to the constitutional and tortious harm experienced by Plaintiff.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff is the fiancée and, through a duly executed Power of Attorney, the representative of BELL, JAYLEN DALAINO, who has been subjected to unlawful detention, procedural irregularities, and a deprivation of due process in the criminal justice system of West Virginia.

11. Over the course of July 29, 2023, Plaintiff has witnessed firsthand the wrongful treatment, procedural abuses, and constitutional deprivations inflicted upon her fiancée's, including arbitrary detention and violations of his rights to a fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments.

12. Plaintiff herself has suffered severe emotional distress, anxiety, and financial hardship as a direct result of these events. The trauma of watching her fiancée endure these injustices, coupled with the failure of Defendants to adequately investigate, discipline, and remedy the misconduct, has caused Plaintiff significant, ongoing harm.

13. Defendants have failed to discharge their statutory and constitutional duties by:

a. Neglecting to enforce effective oversight and accountability over attorneys, law enforcement officers, and prosecutorial officials.

b. Permitting a pattern of judicial and prosecutorial misconduct that has directly contributed to the wrongful deprivation of constitutional rights.

c. Failing to provide a remedy or redress for the violations, despite numerous complaints and evidence presented by Plaintiff and others.

14. As a result of these actions and omissions, Plaintiff has been compelled to endure not only the emotional distress of witnessing her fiancée's suffering but also the personal and financial burdens associated with pursuing legal redress.

### V. CAUSES OF ACTION

Count I – Wrongful Infliction of Emotional Distress (Tort)

15. Plaintiff reaffirms and incorporates by reference paragraphs 1 through 14.

16. Defendants' negligent and intentional actions, as well as their failure to act when required, have resulted in extreme emotional distress to Plaintiff.

17. Plaintiff has suffered, and continues to suffer, severe emotional distress, anxiety, and related physical symptoms as a direct and proximate result of Defendants' conduct.

**Count II – Negligence and Breach of Statutory Duty**

18. Plaintiff reaffirms and incorporates by reference paragraphs 1 through 14.

19. Defendants owed a duty to the public and to Plaintiff, as a concerned partner and legal representative, to enforce the constitutional and statutory rights of all citizens, including ensuring that judicial and prosecutorial processes are conducted fairly and impartially.

20. Defendants breached this duty by failing to investigate or remedy the known patterns of misconduct and constitutional violations.

21. As a proximate result of this breach, Plaintiff has suffered significant harm, including emotional distress, financial losses, and additional burdens related to securing legal representation and redress.

**Count III – Violation of Civil Rights Under 42 U.S.C. § 1983**

22. Plaintiff reaffirms and incorporates by reference paragraphs 1 through 14.

23. Defendants, acting under color of state law, have deprived Plaintiff of her constitutional rights—including the right to due process and the right to be free from governmental overreach—by permitting and facilitating the wrongful treatment of her fiancée and by failing to ensure a fair legal process.

24. As a result, Plaintiff has suffered constitutional violations and is entitled to damages under 42 U.S.C. § 1983.

**Count IV – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

25. Plaintiff reaffirms and incorporates by reference paragraphs 1 through 14.

26. Defendants, in concert with certain other state actors, have conspired to obstruct the enforcement of constitutional rights, resulting in systemic misconduct and wrongful treatment that has harmed Plaintiff and her fiancée.

27. This conspiracy has further deprived Plaintiff of her rights to a fair and impartial legal process, entitling her to recovery for the injuries suffered.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

### A. Declaratory Relief:

1. Declare that Defendants' actions and omissions have violated Plaintiff's constitutional rights and statutory duties.

### B. Injunctive Relief:

1. Issue a permanent injunction requiring Defendants to implement comprehensive oversight measures, ensure accountability for misconduct, and provide a remedy for constitutional violations.

### C. Compensatory Damages:

1. Award compensatory damages in an amount to be proven at trial, to compensate Plaintiff for the emotional distress, financial losses, and other harms suffered.

### D. Punitive Damages:

1. Award punitive damages against Defendants to deter future misconduct and to punish the flagrant violation of constitutional rights.

### E. Costs and Attorney's Fees:

1. Award Plaintiff her reasonable costs and attorney's fees incurred in pursuing this action.

### F. Any Other Relief:

1. Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*By: Angelique Barnett*

ANGELIQUE BARNETT

Propria Persona

c/o 567 DUPONT RD # 5

MORGANTOWN WEST VIRGINIA 26501-9630

304.288.8345

ABARNETT9611@GMAIL.COM

MARCH 17, 2025